AMSL LEGAL GROUP, LLP
Starlet J. Japp (State Bar No. 243097)
Chris C. Chapman (State Bar No. 234738)
400 Exchange, Suite 100
Irvine, California 92602
Telephone:  949-265-9940
Facsimile:    949-236-5567

Attorneys for Defendants,
RESIDENTIAL CREDIT SOLUTIONS, INC.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (erroneously named as JPMorgan Chase Bank National Association (fka EMC Mortgage, LLC); J.P. MORGAN MORTGAGE ACQUISITION CORP.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| SON P. DANG,<br><br>             Plaintiff,<br><br>vs.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (fka EMC MORTGAGE, LLC); J.P. MORGAN MORTGAGE ACQUISITION CORP.; QUALITY LOAN SERVICE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.: 5:14-cv-02587-RMW<br><br>HON. RONALD M. WHYTE<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Supplemental Request for Judicial Notice filed Concurrently Herewith]<br><br>Date:  August 15, 2014<br>Time: 9:00 a.m.<br>Ctrm:  6<br><br>[*Originally noticed for July 22, 2014*] |

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

i

**MEMORANDUM OF POINTS AND AUTHORITIES:**

**I.   INTRODUCTION**

Plaintiff SON P. DANG ("Plaintiff")'s Opposition to Defendants' Motion to Dismiss not only fails to address the points and authorities in support of Defendants' Motion but demonstrates the futility of any potential amendment of the complaint. Plaintiff requests leave to amend but Plaintiff should not be given leave because the complaint currently before the Court is already the fourth complaint Plaintiff has filed against these defendants over the past year alleging the same failed facts challenging the standing of the defendants to foreclose on the property. Plaintiff's complaint challenges the securitization of the loan based on an allegation that the original lender could not assign the beneficial interest in the Note and Deed of Trust because it was filed for bankruptcy. However, the complaint and exhibits thereto demonstrate the loan was not assigned by the original lender but by defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary under the Deed of Trust. Thus, Plaintiff's allegation is contradicted by the complaint and exhibits thereto.

Plaintiff's securitization argument fails and Plaintiff has not standing to even make such a challenge. The chain of assignments attached to the complaint and judicially noticed are in the proper order and demonstrate the recorded documents reflecting the pending non-judicial foreclosure are consistent with Civil Code § 2924 et seq.

Defendants' respectfully requests the Court grant the motion to dismiss without leave to amend to end the vexatious litigation by Plaintiff. Plaintiff has repeatedly failed to state a claim upon which relief may be granted against these defendants in two prior lawsuits which involved three separate complaints. This fourth complaint is no different and should be dismissed with prejudice.

---

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

1

## II. DEFENDANT J.P. MORGAN MORTGAGE ACQUISITION CORP. IS THE CURRENT FORECLOSING BENEFICIARY

Defendants stated in their moving papers that a non-party REOCO, Inc. was the entity foreclosing on the Property. However, after Defendants filed their motion to dismiss on June 11, 2014, another Assignment of Deed of Trust was recorded on June 19, 2014 wherein REOCO, Inc. assigned the beneficial interest in Plaintiff's Deed of Trust back to defendant J.P. Morgan Mortgage Acquisition Corp. (see Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint, **Exhibit 8**.) Thus, defendant J.P. Morgan Mortgage Acquisition Corp. is the current beneficiary and entity foreclosing on the property secured by Plaintiff's Deed of Trust. Defendants' wanted to make sure the Court had the latest information available and before it when ruling upon the motion.

## III. PLAINTIFF DOES NOT OPPOSE THE MOTION TO DISMISS AS TO THE FRAUD, QUIET TITLE, AND INJUNCTIVE RELIEF CLAIMS BUT MERELY REQUESTS LEAVE TO AMEND THE FRAUD AND QUIET TITLE CLAIMS

Plaintiff does not dispute in Opposition that the third claim for Fraud, fourth claim for quiet title, and seventh claim for injunctive relief fail to state a claim upon which relief may be granted against any of these Defendants. (Opposition ("Opp") p. 12:10-14.) Plaintiff makes no attempt to oppose the Motion to Dismiss as to these three claims but merely requests leave to amend the fraud and quiet title claims. (*Id.*) Plaintiff does not oppose the motion to dismiss the seventh claim for injunctive relief at all because it is not even mentioned in Plaintiff's opposition. Plaintiff should not be given leave to amend the fraud and quiet title claims or any of the other claims opposed by Plaintiff. As detailed in the motion, Plaintiff has already had numerous opportunities to plead these two claims in two prior lawsuits. Plaintiff has failed to plead such a claim and should not be given leave to amend to what would amount to fifth opportunity. Plaintiff has already filed four separate complaints between the three lawsuits he has filed over the past year and should not be given a fifth opportunity to allege a claim for fraud and

1
2
3

quiet title on the same failed allegations. (see **Exhibits 6-7** to unopposed Request for Judicial Notice ("RJN").) Any such attempt to amend would be futile and also prejudicial to defendants to be required to oppose such claims repeatedly.

4
5
6
7

### IV. <u>PLAINTIFF'S FIRST CLAIM FOR WRONGFUL FORECLOSURE IS DIRECTLY CONTRADICTED BY THE RECORDED DOCUMENTS ATTACHED TO THE COMPLAINT AND FAILS AS A MATTER OF LAW BASED ON PLAINTIFF'S FAILED SECURITIZATION ALLEGATIONS AND PLAINTIFF'S FAILURE TO TENDER</u>

8
9
10
11
12
13
14
15
16
17
18
19
20

Plaintiff's first claim alleging a wrongful foreclosure challenging the standing of defendants to foreclose based on securitization of the Plaintiff's defaulted loan fails. Plaintiff argues in opposition that his loan could never have been assigned by the original lender First Magnus Financial Corporation ("First Magnus") because First Magnus filed for bankruptcy "approximately one month after plaintiff executed the note and deed of trust." (Opp p. 5:16-18.) Notably, Plaintiff's loan was never assigned by First Magnus so the argument fails on its face. Plaintiff concedes in the Complaint and Opposition that the loan was first assigned by Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary under the DOT to EMC Mortgage, LLC. (**Exhibits B** & **E** to Cplt; see also Opp p. 6:23-27.) Thus, Plaintiff's argument that any assignment was void and the pending non-judicial foreclosure is wrongful fails based on these facts alone. Plaintiff's citation and attachment of a judicial foreclosure action from the State of New York to the Opposition is irrelevant and does not support Plaintiff's wrongful foreclosure claim. (**Exhibit A** to Opp; Opp p. 6-10.)

21
22
23
24
25
26
27

Similarly, Plaintiff's argument that the MERS log in system was misleading by indicating a different J.P. Morgan entity was named as the beneficiary is confusing and irrelevant. Plaintiff has failed to allege how any such facts in the Complaint and even if he did Plaintiff has failed to allege how he was prejudiced by any such representation made by MERS. *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 86 fn. 4 (A plaintiff alleging procedural irregularity under Civil Code 2924 et seq. must "plead[] and prove[] an improper procedure and resulting prejudice."; premature notice of sale and inaccuracy in date of default did not

28

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

3

1  invalidate foreclosure), citing to *Miller & Starr, Cal. Real Estate* (3d ed.2000) § 10:211, p. 679.); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (1st Dist.2011) (to recover on wrongful foreclosure claim, borrower must demonstrate that the alleged imperfection in the foreclosure process was prejudicial; no prejudice exists where borrower was in default and the assignment of the loan did not interfere with the borrower's ability to pay).  Plaintiff has not and cannot allege that any confusion caused him to default on his loan. The wrongful foreclosure claim also fails due to Plaintiff's failure to allege a tender of the debt owed on the loan. *Chavez v. Indymac Mortg. Servs.*, 219 Cal.App. 4th 1052, 1062 (2013).

V.   **PLAINTIFF'S SECOND CLAIM FOR SLANDER OF TITLE FAILS BASED ON THE RECORDING OF THE NOTICE OF DEFAULT FAILS BECAUSE THE ACTS OF RECORDING A FORECLOSURE NOTICE IS PRIVILEGED AND IMMUNE FROM A SLANDER OF TITLE CLAIM**

Plaintiff's third claim alleging a slander of title based on the recording of a Notice of Default ("NOD") fails because it is a privileged publication as a matter of law. *Civ. Code* §§ 47, 2924(d). Plaintiff argues in opposition the act of recording a NOD is not privileged if the entity recording the NOD is "not the legal or authorized parties with power of sale and capacity under *California Civil Code* §§ 2924 and 2934." (Opp p. 11:1-3.)  Plaintiff cites to no authority for this argument but cites to a case that stands for the general proposition that one may have a slander of title against the other if one publishes matter which is untrue and "without privilege to do so." *Forte v. Nolfi*, 25 Cal.App.3d 656, 687; see Opp p. 11:5-6. Here, Plaintiff has failed to allege any facts that the NOD was recorded by Quality Loan Service Corporation as agent for assigned beneficiary J.P. Morgan Mortgage Acquisition Corp. was improper and not privileged pursuant to California Civil Code §§ 47 and 2924(d). (**Exhibit C** to Cplt.) Again, Plaintiff's securitization arguments fail. Further, Plaintiff has failed to allege any facts that the NOD was false and Plaintiff was not in default on the loan. The second claim for slander of title should be dismissed with prejudice.

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

4

## VI. PLAINTIFF'S FIFTH CLAIM FOR FRAUD UNDER THE CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 FAILS BECAUSE IT LACKS PARTICULARITY, THERE IS NO BORROWED LAW IN SUPPORT, AND PLAINTIFF HAS NO STANDING

In opposition to the motion to dismiss the fifth claim for a violation under the California Business & Professions Code 17200 ("UCL"), Plaintiff only addresses the standing argument as to Plaintiff's alleged damages to support the UCL claim. (Opp p. 12:17-28, 13:1-4.) Plaintiff argues, but does not allege in the complaint, that he has "lost money and the cloud on his title constitutes an allegation of loss of money or property." (Opp p. 12:22-24.)  However, the Complaint and exhibits attached thereto establish that Plaintiff is still currently the owner of the Property but Plaintiff failed to make his mortgage payments which resulted in the pending non-judicial foreclosure. Plaintiff merely challenges the standing of defendants to foreclose, not the underlying default by Plaintiff on the loan that created the pending foreclosure. Plaintiff has failed to allege any causal connection between the alleged damages suffered and any violation of California law by any defendant. *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App.4th 497, 522 (2013) ["a plaintiff fails to establish the causation requirement if he or she would have suffered the same harm whether or not a defendant complied with the law."]. Plaintiff has not alleged any facts to support damages and standing to support the UCL claim.

Further, as detailed in the motion and unopposed by Plaintiff, Plaintiff has failed to address the motion as to the lack of particularity, lack of borrowed law in support, failure to allege any unfair or fraudulent conduct under the UCL.

The fifth claim for a violation of the UCL should be dismissed with prejudice.

## VII. PLAINTIFF'S OPPOSITION FAILS TO DETAIL ANY DECLARATORY RELIEF REQUIRED BY THE COURT AND AT BEST ONLY INDICATES THE COURT SHOULD DISMISS PLAINTIFF'S LATEST LAWSUIT WITH PREJUDICE TO AVOID DUPLICATIVE LITIGATION

Plaintiff has failed to offer any opposition to the motion to dismiss the sixth claim for declaratory relief. Curiously, Plaintiff cites to a case for the proposition that a factor may consider for declaratory relief is to "avoid duplicative litigation." (Opp p. 12:4.) If anything, this

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

5

Court should dismiss Plaintiff's complaint with prejudice to avoid Plaintiff's repeated "duplicative litigation." Plaintiff has failed to allege facts that would require any judicial declaration as to the parties' rights and obligations with respect to the pending non-judicial foreclosure of the Property. Plaintiff's arguments challenging the assignments and securitization of the loan fail. Plaintiff's declaratory relief claim is duplicative of the other failed claims and should be dismissed accordingly. *Camilo v. Wash. Mut. Bank, F.A.*, 2009 WL 3614793, *13 (E.D. Cal. Oct. 27, 2009) [declaratory relief claim dismissed as redundant where there was no reason to believe it would "resolve any issues aside from those already addressed by the substantive claims" in this case) (internal quotation marks omitted); *Kimball v. Flagstar Bank F.S.B.*, 881 F.Supp.2d 1209, 1220 (S.D.Cal.2012) (motion to dismiss declaratory relief claim granted because claim was duplicative of other invalid claims), citing to *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 WL 3214321, at *5 (S.D.Cal.2009). The sixth claim for declaratory relief must be dismissed.

### VIII. PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO AMEND BECAUSE ANY SUCH AMENDMENT ALLOWED WOULD BE FUTILE AND PREJUDICIAL SINCE PLAINTIFF HAS ALREADY FILED NO LESS THAN FOUR COMPLAINTS BASED ON THE SAME FAILED SET OF FACTS

Plaintiff repeatedly states in the Opposition that he requests leave to amend to properly allege these claims against defendants. Plaintiff should not be given leave to amend because this is not Plaintiff's first complaint alleging these same failed set of facts in an attempt to challenge the pending non-judicial foreclosure. The complaint before this court is the fourth complaint Plaintiff has filed over the past year. (see **Exhibits 6-7** to unopposed RJN.)

Leave to amend may be granted only "when justice so requires." *FRCP* 15(a)(2). Granting leave to amend rests in the sound discretion of the District Court, and will be reversed on appeal only upon a finding of an abuse of discretion. *Swanson v. United States Forest Service*,

87 F.3d 339, 343 (9th Cir. 1996). A district court's discretion is "particularly broad where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) [Plaintiff had "ample opportunity to properly plead a case"]. The fact that the pleader failed to take advantage of previous opportunities to amend may also be ground for denying leave to amend. *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 368 (3rd Cir. 2013) ["This court has declined to reward a wait-and-see approach to pleading"].

Plaintiff has demonstrated by the prior complaints filed by Plaintiff against these defendants based on the same set of facts that any amendment would be futile. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) [leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal]; *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) [it was not an abuse of discretion for District Court to partially deny motion for leave to file proposed first amended complaint due to futility]; see also *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) ["[l]eave to amend need not be granted when an amendment would be futile."]. Plaintiff has already been afforded many opportunities by this very Court in the second lawsuit filed by Plaintiff to amend to plead a claim against defendants. Plaintiff failed to do so each time. *Kaplan v. Rose*, 48 F.3d 1363, 1370 (9th Cir. 1994). (Leave to amend has been denied where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based, but did not include them in the original pleading.) Plaintiff has not demonstrated "justice so requires" another amendment. *FRCP* 15(a)(2).

IX. **CONCLUSION**

For all the foregoing reasons, Defendants' respectfully requests the Court grant this Rule 12(b)(6) motion to dismiss the Complaint because the Complaint fails to state a claim upon which relief may be granted. The Complaint fails the pleading requirements of Rule 8 and 9. Based on the prior lawsuits filed by Plaintiff, Plaintiff should not be given leave to amend

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

7

1. because any such amendment would be futile, prejudicial to Defendants, and a waste of precious
2. judicial resources.
3. Dated:  July 2, 2014                                           AMSL LEGAL GROUP, LLP
4. 
5.                                                                              By: /s/ Chris C. Chapman
                                                                                       Chris C. Chapman
6.                                                                                    Attorneys for Defendants,
                                                                                       RESIDENTIAL CREDIT SOLUTIONS,
7.                                                                                    INC.; JPMORGAN CHASE BANK,
                                                                                       NATIONAL ASSOCIATION (erroneously
8.                                                                                    named as JPMorgan Chase Bank National
                                                                                       Association (fka EMC Mortgage, LLC); J.P.
9.                                                                                    MORGAN MORTGAGE ACQUISITION
                                                                                       CORP. and MORTGAGE ELECTRONIC
10.                                                                                  REGISTRATION SYSTEMS, INC.

28. REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT