1  Michael Yesk (SB#130056)
   70 Doray Dr., Suite 16
2  Pleasant Hill, CA 94523
   925-849-5525
3  yesklaw@gmail.com
   Attorneys for Plaintiff
4

5  WRIGHT, FINLAY & ZAK, LLP
   T. Robert Finlay, Esq., SBN 167280
6  Ronald M. Arlas, Esq., SBN 59091
   Nicholas G. Hood, Esq., SBN 238620
7  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660
8  Tel: (949) 477-5050; Fax: (949) 477-9200
9  rarlas@wrightlegal.net; nhood@wrightlegal.net
   ATTORNEYS FOR RESIDENTIAL CREDIT SOLUTIONS, INC.; JPMORGAN CHASE BANK,
10 NATIONAL ASSOCIATION; J.P. MORGAN MORTGAGE ACQUISITION CORP.; AND
   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
11

12                      **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)**

14 SON P. DANG,                              ) Case No. 5:14-cv-02587-TOY
                                             )
15         Plaintiff,                        )
                                             ) **STIPULATION AND ORDER TO PERMIT**
16    vs.                                    ) **PLAINTIFF'S FILING OF AMENDED**
                                             ) **COMPLAINT WITHOUT MOTION FOR**
17                                           ) **LEAVE TO AMEND**
   RESIDENTIAL CREDIT SOLUTIONS, INC.;       )
18 JPMORGAN CHASE BANK, NATIONAL             )
   ASSOCIATION (fka EMC MORTGAGE LLC);       ) District Judge Ronald M. Whyte
19 J.P. MORGAN MORTGAGE ACQUISITION          )
   CORP.; MORTGAGE ELECTRONIC                )
20 REGISTRATION SYSTEMS, INC.; and DOES      )
21 1 – 100, inclusive,                       )
                                             )
22         Defendants.                       )
                                             )
23                                           )
                                             )
24                                           )

25         Plaintiff SON P. DANG ("Plaintiff"), by and through his counsel of record, Michael Yesk, and

26 Defendants RESIDENTIAL CREDIT SOLUTIONS, INC.; JPMORGAN CHASE BANK, NATIONAL

27
                                            - 1 -
28 STIPULATION TO PERMIT PLAINTIFF'S FILING OF AMENDED COMPLAINT WITHOUT MOTION FOR
                                     LEAVE TO AMEND
                               Case No. 5:14-cv-02587-HRL

ASSOCIATION (f/k/a. EMC MORTGAGE LLC); J.P. MORGAN MORTGAGE ACQUISITION CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("Defendants") (Plaintiffs and Defendants collectively the "Parties"), by and through their counsel of record, Nicholas G. Hood of Wright, Finlay & Zak LLP, hereby submit this Stipulation to Permit Plaintiff's Filing of Amended Complaint Without Motion for Leave to Amend.

**WHEREAS**:

1. Plaintiff filed his original complaint in pro per on May 5, 2014;

2. Plaintiff's counsel substituted into this matter on July 8, 2014;

3. Plaintiff wishes to file an amended complaint with the assistance of his newly substituted counsel; and

4. Defendants have no objection to Plaintiff's filing of an amended complaint without Plaintiff filing a motion for leave to amend;

**NOW, THEREFORE, IT IS HEREBY STIPULATED THAT:** Plaintiff may file an amended complaint on or before August 22, 2014 without filing a motion for leave to amend.

DATED: August 18, 2014        */s/ Michael Yesk*
                              MICHAEL YESK
                              YESK LAW
                              Attorneys for Plaintiff
                              SON P. DANG


DATED: August 18, 2014        */s /Nicholas Hood*
                              NICHOLAS G. HOOD
                              WRIGHT, FINLAY & ZAK LLP
                              Attorneys for Defendants
                              RESIDENTIAL CREDIT SOLUTIONS, INC.;
                              JPMORGAN CHASE BANK, NATIONAL
                              ASSOCIATION (f/k/a EMC MORTGAGE LLC); J.P.
                              MORGAN MORTGAGE ACQUISITION CORP.;
                              MORTGAGE ELECTRONIC REGISTRATION
                              SYSTEMS, INC.

**IT IS SO ORDERED:**

STIPULATION TO PERMIT PLAINTIFF'S FILING OF AMENDED COMPLAINT WITHOUT MOTION FOR LEAVE TO AMEND
Case No. 5:14-cv-02587-HRL

1  DATED: : 13; 136                    _____Ronald M. Whyte_____
2                                         Judge Ronald M. Whyte

- 3 -
STIPULATION TO PERMIT PLAINTIFF'S FILING OF AMENDED COMPLAINT WITHOUT MOTION FOR
LEAVE TO AMEND
Case No. 5:14-cv-02587-HRL

Exhibit A

Michael Yesk (SB#130056)
70 Doray Dr., Suite 16
Pleasant Hill, CA 94523
925-849-5525
m.yesklaw@gmail.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| SON P. DANG,<br><br>  Plaintiff,<br><br>  vs.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC.; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (fka EMC MORTGAGE LLC); J.P. MORGAN MORTGAGE ACQUISITION CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1 – 100, inclusive,<br><br>  Defendants. | Case No.: 5:14-cv-02587-TO Y<br><br>AMENDED COMPLAINT FOR WRONGFUL FORECLOSURE; SLANDER OF TITLE; VIOLATION OF CALIFORNIA CIVIL CODE § 2923.5; VIOLATION OF 12 U.S.C. § 2605; VIOLATION OF 18 U.S.C. § 1962; VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200; VIOLATION OF 15 U.S.C. § 1601; AND INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, SON P. DANG, complaining against the Defendants, and each of them as follows:

## **INTRODUCTION**

1. This is an action brought by Plaintiff SON P. DANG (hereinafter "Plaintiff") for Wrongful Foreclosure, Slander of Title, Violation of California Civil Code § 2923.5 ("Section 2923.5"), Violation of 12 U.S.C. § 2605, and Violations of California Business and Professions Code § 17200 *et seq.* Plaintiff seeks actual and punitive damages along with declaratory and

AMENDED COMPLAINT - 1

injunctive relief.

2. Plaintiff owns real property located at 4134 Linetta Court, San Jose, CA 95148, ("Subject Property"), secured by a Deed of Trust that was recorded in the Office of the Recorder of Santa Clara County on July 27, 2007 as Instrument No. 19527766, and by a Promissory Note ("Note").

3. Plaintiff alleges, among other things, that Defendants were not entities authorized to initiate foreclosure proceedings against the Subject Property.

4. Plaintiff alleges that an actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them.

5. Plaintiff requests a judicial determination and declaration of her rights with respect to the Subject Property and its underlying Note and Deed of Trust.

## PARTIES

6. Plaintiff SON P. DANG ("Plaintiff" or "Dang") is allegedly the Trustor/Borrower on a Deed of Trust recorded in the official records of Santa Clara County on or about July 27, 2007 as Instrument No. 19187342 ("Deed of Trust"). The Deed of Trust purportedly placed a lien on the real property located at 4134 Linetta Court, San Jose, CA 95148, APN: 659-75-019 ("Subject Property").

7. Plaintiff alleges on information and belief that Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. ("Defendant" or "Residential") is a Delaware corporation with its main office in Fort Worth, Texas.

8. Plaintiff alleges on information and belief that Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant" or "Chase") is a national banking association organized under the laws of the United States with its main office in New York, New York, and was at all relevant times conducting business in Santa Clara County, California. Chase, a subsidiary of JPMORGAN CHASE & CO., whose principal place of business is in New York, acquired all or substantially all of EMC Mortgage, LLC's ("EMC") assets in a de facto

AMENDED COMPLAINT - 2

1  merger. As such, Chase is liable for the conduct of EMC alleged herein.

2      9.    Plaintiff alleges on information and belief that Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. ("Defendant" or "J.P. MORGAN MORTGAGE ACQUISITION CORP. ") is a Delaware corporation with its principal place of business in New York, New York. J.P. MORGAN MORTGAGE ACQUISITION CORP. is a direct, wholly-owned subsidiary of Defendant Chase and at all times relevant was conducting business in the state of California.

    10.    Plaintiff alleges on information and belief that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("Defendant" or "MERS"), is a Delaware corporation that was at all relevant times conducting business in Santa Clara County, California.

    11.    Plaintiff is ignorant of the true names and capacities of the defendants sued as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## **VENUE AND JURISDICTION**

    12.    This action is of a civil nature. Plaintiff is informed and believes that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

    13.    Venue is proper pursuant to 28 U.S.C. 1391(a)(2) because the unlawful conduct is alleged to have occurred in Santa Clara County, California and the Subject Property is also located in Santa Clara County, California.

## **STATEMENT OF FACTS**

    14.    Plaintiff SON P. DANG, ("Plaintiff") is allegedly the Trustor/Borrower on a Deed of Trust recorded on or about July 27, 2007 as Instrument No. 19527766 of Official Records in the Office of the Recorder of Santa Clara County, California, purportedly putting a lien on the real property located at 4134 Linetta Court, San Jose, CA 95148, APN: 659-75-019 (the "Subject Property"). The Deed of Trust names First Magnus Financial Corporation ("First Magnus"), an Arizona Corporation, as the lender, Alliance Title as the Trustee, and MERS as the beneficiary

AMENDED COMPLAINT - 3

and nominee for Lender.

15. On or around August 21, 2007, First Magnus filed for bankruptcy in Arizona bankruptcy court.

16. From around August 31, 2010 to October 4, 2010, Plaintiff sent multiple letters requesting verification of proofs of claim to EMC. On or around September 9, 2010, EMC acknowledged receipt of Plaintiff's correspondence but never responded to the substance of Plaintiff's request.

17. On or around November 17, 2010, a Notice of Default was recorded against the Subject Property. The Notice of Default was signed by Defendant QLS as purported "agent for the beneficiary." However, it is unclear on whose behalf QLS was acting. The Notice of Default listed Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. as the party to contact for payment and an employee of Defendant Chase purportedly signed the declaration of compliance with California Civil Code Section 2923.5. QLS was a stranger to Plaintiff's Deed of Trust at this point.

18. On or around June 1, 2012, Defendant MERS as nominee for First Magnus executed an Assignment of Deed of Trust, assigning all beneficial interest in Plaintiff's Deed of Trust (but not promissory note) to EMC.

19. On or around June 8, 2012, EMC executed a Substitution of Trustee by Defendant Residential as its purported attorney-of-fact, substituting in QLS as trustee under the Deed of Trust.

20. On or around July 10, 2012, Defendant QLS recorded a Notice of Trustee's sale against the Subject Property.

21. On or around August 1, 2012, Defendant Residential as purported attorney-in-fact for EMC assigned all beneficial interest in Plaintiff's Deed of Trust (but not promissory note) to Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP., the party that seemingly authorized and directed the recordation of the initial Notice of Default two years prior on November 17, 2010.

AMENDED COMPLAINT - 4

1   22.     On or around November 7, 2012, Plaintiff sent a qualified written request
2   ("QWR") pursuant to 12 U.S.C. § 2605 of the Real Estate Settlement and Procedures Act
3   ("RESPA") to Defendant Residential, a letter Residential acknowledged but never responded to.
4   23.     On or around April 9, 2014, Defendant QLS recorded another notice of trustee's
5   sale against the Subject Property.
6   24.     On or around April 25, 2014, Plaintiff sent a QWR to Defendants QLS and Chase.
7   25.     Plaintiff alleges that Defendants and each of them lack the authority to foreclose
8   on the Subject Property as the recorded documents clearly indicate problems with the standing of
9   the entities directing and authorizing the foreclosure.
10  26.     Plaintiff alleges that Defendant J.P. MORGAN MORTGAGE ACQUISITION
11  CORP. lacked the authority to initiate foreclosure proceedings through the recordation of a
12  Notice of Default against the Subject Property on November 17, 2010 as it held no beneficial
13  interest in Plaintiff's Deed of Trust at the time. In fact, as evidenced by the recorded documents,
14  J.P. MORGAN MORTGAGE ACQUISITION CORP. did not receive any attempted transfer of
15  interest in Plaintiff's Deed of Trust until nearly *two years later* when Defendant Residential as
16  purported attorney-in-fact for EMC executed an assignment of deed of trust in favor of J.P.
17  MORGAN MORTGAGE ACQUISITION CORP.
18  27.     Plaintiff further alleges that both assignments of her Deed of Trust were invalid as
19  they were executed by parties that lacked standing and authority to do so.
20  28.     Plaintiff alleges that the Assignment of Deed of Trust executed by MERS (as
21  nominee for Plaintiff's lender First Magnus) in favor of EMC on June 1, 2012 was null and void
22  because as of April 1, 2011, EMC was a non-existent entity, having merged with Defendant
23  Chase at that time.
24  29.     Plaintiff further alleges that the second Assignment of Deed of Trust Defendant
25  Residential as purported attorney-in-fact for EMC executed in favor of J.P. MORGAN
26  MORTGAGE ACQUISITION CORP. on or around August 1, 2012, was also null and void
    because EMC was no longer in existence and could not have authorized such an assignment.

AMENDED COMPLAINT - 5

30. Finally, Plaintiff alleges that the subsequent foreclosure proceedings premised on these invalid foreclosure notices were likewise invalid.

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

### (Against all Defendants)

31. Plaintiff re-alleges and incorporates by reference all prior paragraphs in this complaint, as though fully set forth hereafter.

32. The foreclosure proceedings Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. initiated against Plaintiff when it caused QLS to record a Notice of Default on November 17, 2010, was invalid and wrongful because Defendant was not the true holder of beneficial interest under Plaintiff's Deed of Trust at that time.

33. As of November 17, 2010, First Magnus – Plaintiff's original lender under the Deed of Trust – was the record holder of beneficial interest in Plaintiff's Deed of Trust and Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. was not assigned such interest until nearly *two years after* when Defendant Residential as purported attorney-in-fact for a non-existent entity (EMC) attempted to assigned beneficial interest in the Deed of Trust to J.P. MORGAN MORTGAGE ACQUISITION CORP on or around August 1, 2012.

34. Plaintiff alleges that the August 1, 2012 Assignment of Deed of Trust in favor of Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. was invalid because it was executed by EMC, a non-existent entity. Plaintiff further alleges that the preceding Assignment of Deed of Trust executed by MERS (as nominee for Plaintiff's original lender First Magnus) in favor of EMC on or around June 1, 2012 was also invalid as EMC had ceased to exist at that point, having been subsumed by its merger with Defendant Chase.

35. Notwithstanding these facts, Plaintiff alleges that Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP invoked a power of sale belonging only to the true holder of beneficial interest in Plaintiffs' Deed of Trust when it caused a notice of default to be recorded

AMENDED COMPLAINT - 6

against the Subject Property on November 17, 2010. Because this notice initiating the foreclosure proceedings was invalid, the subsequent foreclosure proceedings premised on such notice were equally invalid.

36. Plaintiffs also allege that when Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP invoked this power of sale, it is unclear who the true holder of the beneficial interest in Plaintiffs' mortgage was given that First Magnus was the record holder of beneficial interest in Plaintiff's Deed of Trust but First Magnus itself filed for bankruptcy on or around August 21, 2007.

37. Plaintiff further alleges that Defendant Chase (as successor in interest to EMC) acted wrongfully when it illegitimately caused the Substitution of Trustee appointing Defendant QLS to be recorded on or around June 8, 2012, despite lacking standing to do so. This was a clear violation of Section 24 of Plaintiff's Deed of Trust, which provides that "*Lender*, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by *Lender* and recorded in the office of the original Lender, Trustee and Borrower."

38. Defendant QLS also acted wrongfully when it recorded the subsequent notices of trustee's sale against the Subject Property despite lacking the authority to do so.

39. Plaintiff alleges that Defendants and each of them must have standing in order to initiate foreclosure proceedings against the Subject Property but the recorded documents clearly demonstrate a lack of authority on the part of Defendants.

40. Defendants' actions in initiating foreclosure proceedings against Plaintiff were wrongful because Defendants were not entities authorized to invoke the power of sale under Plaintiff's Deed of Trust. This is an act prohibited by California's statutory non-judicial foreclosure scheme, which requires that the entity initiating a non-judicial foreclosure on a deed of trust have the legal power to do so. *See* Cal. Civ. Code § 2924(a)(1). California Civil Code Section 2924 ("Section 2924") provides only "the trustee, mortgagee, or beneficiary, or any of

AMENDED COMPLAINT - 7

their authorized agents" may initiate foreclosure proceedings. Cal. Civ. Code § 2924.

41. For the reasons stated above, there is a likelihood that Plaintiff will prevail on the merits of her wrongful foreclosure claim. If Defendants are permitted to rely on the aforementioned void and invalid foreclosure documents, Plaintiff will wrongfully lose her property. Such injury is irreparable and cannot be adequately compensated by financial means. Real property is considered unique in California and monetary damages are deemed inadequate to compensate Plaintiff for such loss. S*tockton v. Newman* (1957) 148 Cal. App. 2d 558, 564.

42. Plaintiff is also not required to tender the amount due to challenge documents recorded and clouding Plaintiff's title to the Property. *See e.g. Dimock v. Emerald Properties, Inc*. (2008) 81 Cal.App.4th 868; *Lona v. Citibank, N.A*. (2011) 202 Cal. App. 4th 89; *Tamburri v. Suntrust Mortgage, Inc.* (N.D. Cal. 2011) 2011 WL 6294472, *4 ("where a sale is void, rather than simply voidable, tender is not required"). "Tender is not required where the foreclosure sale is void, rather than voidable, such as when plaintiff proves that the entity *lacked the authority to foreclose.*" *Glaski, supra,* 218 Cal.App.4th at 1101, citing *Lester v. J.P. Morgan Chase Bank,* __ F.Supp.2d__, [2013 WL 633333 p. *8]; 4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust, § 10:212, pg. 686 (emphasis added).

WHEREFORE, Plaintiff prays for judgment against defendants and each of them, as set forth below:

**SECOND CAUSE OF ACTION**
**SLANDER OF TITLE**
**(Against All Defendants)**

43. Plaintiff re-alleges and incorporates by reference all prior paragraphs in this complaint, as though fully set forth hereafter.

44. Plaintiff alleges that Defendants published false statements that disparaged Plaintiff's title to the Subject Property when: (1) Defendant MERS as nominee for First Magnus executed an Assignment of Deed of Trust, purporting to assign all beneficial interest in Plaintiff's Deed of Trust (but not promissory note) to EMC (a non-existent entity at the time) on

AMENDED COMPLAINT - 8

or around June 1, 2012; (2) EMC (a no-longer-existent entity) executed a Substitution of Trustee by Defendant Residential as its purported attorney-of-fact, substituting in QLS as trustee under the Deed of Trust on or around June 8, 2012; (3) Defendant QLS recorded a Notice of Trustee's sale against the Subject Property on or around July 10, 2012; and (4) Defendant Residential as purported attorney-in-fact for EMC assigned all beneficial interest in Plaintiff's Deed of Trust (but not promissory note) to Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP., the party that seemingly authorized and directed the recordation of the initial Notice of Default back on November 17, 2010, two years after the notice of default's recordation.

45.    Defendant QLS also slandered Plaintiff's title to the Subject Property by recording the subsequent notices of trustee's sale despite lacking standing and authority to do so.

46.    Plaintiffs allege that EMC (and Defendant Chase as successor in interest to EMC) could not have received or transferred any beneficial interest in Plaintiff's Deed of Trust, as it no longer existed as an entity at the points of transfer.

47.    Plaintiffs further allege that Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. had no standing to even initiate foreclosure proceedings against the Subject Property on November 17, 2010 as it had not even received an attempted transfer of beneficial interest in Plaintiff's Deed of Trust at that point.

48.    Defendant acted with malice when they recorded false and void assignments of deeds of trust, substitution of trustee, notice of default and notices of trustee's sale. "For this purpose, malice is defined as actual malice, meaning that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the *defendant lacked reasonable grounds for belief in the truth of the publication* and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 336 (2008) (citations omitted, emphasis added).

49.    Defendants acted in "reckless disregard of Plaintiff's rights" when they initiated foreclosure proceedings against Plaintiff despite lacking "reasonable grounds for belief in the

truth of the[se] publications." *See e.g. Kachlon v. Markowitz*, 168 Cal.App.4th at 336.

50.     Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. acted in reckless disregard of Plaintiff's rights when it recorded a notice of default against the Subject Property, despite knowing that it had never received a transfer of beneficial interest in Plaintiff's Deed of Trust.

51.     Defendants MERS and Chase (as successor-in-interest to EMC) also acted in reckless disregard of Plaintiff's rights when they recorded assignments of interest in Plaintiff's Deed of Trust to and from EMC as an entity that no longer existed, because they lacked reasonable grounds for believing such transfers would be valid.

52.     Finally, Defendant QLS acted in reckless disregard of Plaintiff's rights when it recorded invalid notices of trustee's sale against the Subject Property.

53.     As a result, Plaintiff suffered direct pecuniary damages in the form of losing legal title to their property based on a series of proceedings founded on false and void documents. Plaintiff also suffered damages to the extent she made payments not credited to her account to an entity that was not the true holder of beneficial interest under their Deed of Trust. The exact amount of such damages is not known to Plaintiff at this time, and Plaintiff will move to amend this complaint to state such amount when the same becomes known, or on proof at the time of trial.

54.     Plaintiff also alleges that the tender rule does not apply as "[t]ender is not required where the foreclosure sale is void, rather than voidable, such as when plaintiff proves that the entity *lacked the authority to foreclose.*" *Glaski, supra,* 218 Cal.App.4th at 1101, citing *Lester v. J.P. Morgan Chase Bank,* __ F.Supp.2d__, [2013 WL 633333 p. *8]; 4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust, § 10:212, pg. 686 (emphasis added). Though some courts have held that tender must be alleged to maintain a cause of action for "irregularity in the sale procedure," *see e.g. Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, Plaintiff here is not merely alleging an irregularity in the sale procedure but the complete lack of authority by

1  Defendants to foreclose on Plaintiff's property in the first place. As such, no tender by Plaintiff is
2  required.
3       55.   The recording of the foregoing documents made it necessary for Plaintiff to retain
4  attorneys and to bring this action to cancel the instruments casting doubt on Plaintiff's title.
5  Therefore, Plaintiff is entitled to recover attorneys' fees and costs incurred in cancelling the
6  instrument. The exact amount of such damages is not known to Plaintiff at this time, and Plaintiff
7  will move to amend this complaint to state such amount when the same becomes known, or on
8  proof of same at the time of trial.
9       WHEREFORE, Plaintiff prays for judgment against defendants and each of them, as set
10 forth below:

## THIRD CAUSE OF ACTION

### Violation of California Civil Code Section 2923.5

**(By Plaintiff Against Defendants QLS and J.P. Morgan Mortgage Acquisition Corp**.)

14      56.   Defendants QLS and J.P. MORGAN MORTGAGE ACQUISITION CORP.
15 violated California Civil Code Section 2923.5 ("Section 2923.5"), which provides that "[a]
16 mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to
17 Section 2924 until 30 days after contact is made [with the borrower]." Cal. Civ. Code §
18 2923.5(a).
19      57.   As Plaintiffs have already alleged, Defendants could never have validly complied
20 with this provision because they were never the "mortgagee, trustee, beneficiary, or authorized
21 agent" under Plaintiff's Deed of Trust. Defendant J.P. MORGAN MORTGAGE ACQUISITION
22 CORP. did not receive any transfer of beneficial interest in Plaintiff's Deed of Trust when it
23 recorded the notice of default on November 17, 2010. Moreover, Defendant J.P. MORGAN
24 MORTGAGE ACQUISITION CORP. did not receive a valid transfer of beneficial interest even
25 after EMC (through Defendant Residential as its attorney in fact) purported to assign all
26 beneficial interest to Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP. *two years*

*after* the recordation of notice of default on August 1, 2012 because EMC never received a valid transfer of beneficial interest to Plaintiffs' Deed of Trust, and could not validly transfer any interest.

58. As such, Defendant QLS could never have been the "authorized agent" of the beneficiary when the November 17, 2010 Notice of Default was recorded because First Magnus was the record holder of beneficial interest and MERS was the beneficiary. MERS is not listed anywhere on the Notice of Default and does not appear to be the party initiating the foreclosure proceedings through such notice.

59. Though there is a purported Declaration of Compliance attached to the Notice of Default signed by Defendant Chase, there is no true statement of compliance because Defendants were never entities authorized to initiate foreclosure proceedings against the Subject Property.

60. Defendants' failure to comply with Section 2923.5 renders the Notice of Default, and all subsequent foreclosure proceedings based on the Notice, invalid and void. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 236-37 (2010) (notice of default which fails to comply with Section 2923.5 is invalid and a non-judicial foreclosure may only proceed if a new, valid Notice of Default is recorded).

WHEREFORE, Plaintiff prays for judgment against defendants and each of them, as set forth below:

**FOURTH CAUSE OF ACTION**
**Violation of 12 U.S.C. § 2605**
**(By Plaintiff Against Defendants Chase, Residential and QLS)**

61. Plaintiff re-alleges and reincorporates by reference the allegations in all paragraphs above as though fully set forth herein.

62. Pursuant to RESPA procedures for the resolution of loan servicing disputes under 12 U.S.C. § 2605, Plaintiff submitted a Qualified Written Request ("QWR") to Defendants EMC (or Chase as successor-in-interest to EMC), Residential, QLS and Chase on multiple occasions,

AMENDED COMPLAINT - 12

seeking information pertaining to Plaintiff's Note transaction and related indebtedness.

63. Defendants violated RESPA, 12 U.S.C. § 2605(e)(2), by failing to properly respond to Plaintiff's multiple QWRs. Plaintiff further allege that no response has been received to date and Defendants violated § 2605(e)(2)(A) by failing to provide a response within sixty (60) days of receiving the letter.

64. At the time Plaintiffs' QWRs were posed to Defendants, the fact was that there was no identifiable beneficial interest holder. There are no valid recorded transfers of beneficial interest in Plaintiff's Deed of Trust.

65. As such, Defendant cannot accurately or truthfully identify the party on whose behalf they were acting in initiating foreclosure proceedings on the Subject Property as of the dates of Plaintiff's QWRs and more importantly, into whose pockets Plaintiff's mortgage payments were being deposited. In doing so, Defendants acted in furtherance of a fraud upon Plaintiffs and the true beneficial interest owner under the Deed of Trust. Defendants also acted in violation of the QWR disclosure requirements of RESPA. But for the wrongful actions by Defendants in disguising and concealing the true owner of the Note, Plaintiff would have been properly credited for payments of principal and interest toward the purchase of the their property.

66. Plaintiff has suffered damages arising out of the violations of RESPA as alleged herein. Plaintiff's actual damages include but are not limited to mortgage payments that were not properly credited to her account, devastation of her reputation and credit rating, monetary damages, and the loss of title to their property through the potential wrongful foreclosure upon their home. Plaintiff alleges damages in an amount to be proven at trial.

67. Plaintiff's general damages also include mental anguish, inconvenience, and worries through the loss of her home, as well as late fees, all of which have been found to be recoverable under *Johnstone v. Bank of America*, N.A., USDC, N.D. Illinois, Case No. 01 C 292 (Nov. 15, 2001).

68. In addition, pursuant to 12 U.S.C. § 2605(f)(3), Plaintiff is entitled to recover her

reasonable attorney's fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays for judgment against defendants and each of them, as set forth below:

### FIFTH CAUSE OF ACTION
### Violation of the Unfair Business Practices Act

**(By Plaintiff Against All Defendants)**

69. Plaintiff re-alleges and reincorporates by reference the allegations in all paragraphs above as though fully set forth herein.

70. California Business and Professions Code Section 17200 ("Section 17200") prohibits unlawful, unfair, or fraudulent business practices. Section 17200 is a derivative cause of action and Plaintiffs' ability to pursue this cause of action depends on the success or failure of their substantive causes of action.

71. Defendants engaged in business practices that violate Section 17200 because they executed and recorded (or caused to be recorded) invalid Assignments of Deed of Trust on June 1, 2012 and August 1, 2012, an invalid Substitution of Trustee on June 8, 2012, an invalid Notice of Default on November 17, 2010, and invalid Notices of Trustee's Sale thereafter, despite knowing that they were not the legal beneficiaries under Plaintiff's Deed of Trust.

72. Defendants then used the false assignments of deeds of trust, substitution of trustee, notice of default and notices of trustee's sale to form the basis of their attempts to foreclose upon Plaintiff's home. Defendant's actions were wrongful and constitute an unlawful and unfair business practice under California Civil Code Section 2924 *et seq*. and California Civil Code Section 2923.5.

73. Defendants' actions caused substantial harm to Plaintiff and if they are permitted to continue engaging in such wrongful and unlawful business practices, Plaintiff will not be the only California consumer harmed.

74. Defendants' violations of Civil Code Section 2924 *et seq.* and California Civil Code Section 2923.5 also constitute violations of Business and Professions Code Section 17200.

As a direct and proximate cause of Defendants' actions, Plaintiff has suffered an injury in fact because a cloud has been placed on Plaintiff's title and her interest in the Subject Property has been placed in jeopardy by the impending wrongful foreclosure proceedings. These injuries have caused Plaintiff monetary damages in an amount to be proved at trial.

## Prayer for Relief

WHEREFORE, Plaintiff SON P. DANG prays for a judgment against the Defendants, and each of them, as follows:

1. For a judgment declaring that the Assignments of Deed of Trust recorded on June 1, 2012 and August 1, 2012, in the Santa Clara County Recorder's Office, are invalid and any subsequent proceedings or recorded documents based on these document are also invalid;

2. For a judgment declaring that the Notice of Default recorded by QLS as agent for J.P. MORGAN MORTGAGE ACQUISITION CORP. November 17, 2010 was invalid as Defendant was not the beneficial interest order of Plaintiff's Deed of Trust at that time;

3. For a judgment declaring that all subsequent foreclosure documents recorded that were premised on these invalid assignments of interest and notice of default were likewise invalid;

4. For a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining Defendants and their respective agents, servants, and employees, and all persons acting under, in concert with, or for them, from asserting any interest in the Subject Property or otherwise attempting in any manner to dispossess Plaintiff from possession of the Subject Property; or taking any action to enforce any other remedy purportedly provided to them by the Deed of Trust;

5. For a judgment forever enjoining Defendants from claiming any estate, right, title or interest in the subject property;

6. For an order compelling Defendants to transfer legal title and possession of the subject property to Plaintiff herein;

1      7.      For damages according to proof at trial;

2      8.      For costs of suit and attorneys' fees herein incurred;

3      9.      For punitive damages according to proof at trial; and

4      10.      For such other relief as the Court may deem just and proper.

**Demand for Jury Trial**

Plaintiff hereby demands a trial by jury of each and every claim so triable.

DATED: August 13, 2014      */s/ Michael Yesk*
                                                 Michael Yesk
                                                 Attorney for Plaintiff
                                                 70 Doray Drive #16
                                                 Pleasant Hill, CA 94523
                                                 925-894-5525